FILED
United States Court of Appeals
Tenth Circuit

December 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEITH E. FRAZIER,

     Plaintiff - Appellant,

v.

MICHAEL MILLER, Warden, CCCF;
VICKI LEWIS, Librarian, CCCF,

     Defendants - Appellees.

No. 15-1231
(D.C. No. 1:14-CV-02766-CMA-MJW)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff Keith Frazier, a Colorado prisoner appearing pro se,[1] appeals from the

district court's entry of judgment in favor of Defendants Michael Miller and Vicki

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
   [1] Because Mr. Frazier appears pro se, we construe his filings liberally. *See*
*Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Lewis. Upon review of Mr. Frazier's appeal, the panel identified a potential defect in this court's appellate jurisdiction.

Rule 4 of the Federal Rules of Appellate Procedure requires that a party file notice of appeal with the district court within thirty days of entry of judgment. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). The court of appeals normally lacks jurisdiction to consider an appeal if notice of appeal is not filed within the thirty days mandated by Rule 4. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). But Rule 4 contains an exception for prisoners, such as Mr. Frazier, currently confined to an institution. *See* Fed. R. App. P. 4(c). For prisoners, Rule 4(c)(1) provides that notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing." It further provides that a prisoner can prove the date on which he deposited his notice of appeal by attaching a signed declaration that states the date on which the prisoner deposited the notice of appeal in the prison mail system, declares that first-class postage has been prepaid, and includes language substantially similar to the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]." *See* Fed. R. App. P. 4(c)(1); 28 U.S.C. § 1746(2).

In this case, the district court entered final judgment in Mr. Frazier's case on May 29, 2015. But Mr. Frazier's notice of appeal was not received by the district court until July 1, 2015, outside the normal thirty-day limit. Mr. Frazier's notice of appeal was not accompanied by a Rule 4(c)-compliant declaration. Accordingly, the panel issued an order to show cause directing Mr. Frazier to address the timeliness of

2

his appeal within 21 days and indicating that a failure to remedy this jurisdictional defect would result in dismissal of the appeal without further notice. *See* 10th Cir. R. 42.1.

Mr. Frazier has failed to respond to the panel's order to show cause. Accordingly, we dismiss the appeal for lack of jurisdiction. Mr. Frazier's motion to proceed in forma pauperis is granted, but we remind him of his obligation to continue making partial payments until the fee has been paid in full.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge

3